UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CASTILLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAYNE ULIT, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-01458-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Assign a District Judge |

　　　　On December 2, 2021, the Court issued a screening order directing Plaintiff to file a third amended complaint curing the deficiencies in his pleading or a notice of voluntary dismissal within 21 days. (Doc. 19.) Plaintiff did not file a third amended complaint or a notice of voluntary dismissal.

　　　　On January 27, 2022, the Court issued an Order to Show Cause why the action should not be dismissed for failure to comply with a court order. (Doc. 20.) Plaintiff was directed to show cause in writing within 21 days why the action should not be dismissed for his failure to comply with the Court's screening order. (*Id.* at 2.) Alternatively, Plaintiff was afforded another opportunity within which to file a third amended complaint curing the deficiencies identified in the screening order, or to file a notice of voluntary dismissal. (*Id.*)

　　　　More than 21 days have passed and Plaintiff has neither responded to the Order to Show Cause, nor filed a third amended complaint or a notice of voluntary dismissal.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It appears that Plaintiff has abandoned this action. Whether he has done so mistakenly or intentionally is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Based on the foregoing, the Court RECOMMENDS that this action be DISMISSED for failure to obey court orders and for failure to state a claim upon which relief can be granted. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 14, 2022**                        /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE